IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSICA R. SUMMERFIELD,

                Plaintiff,

  v.                                                               OPINION & ORDER

CAROLYN W. COLVIN,                                     15-cv-623-jdp
  Acting Commissioner of Social Security,

                Defendant.

---

      Plaintiff Jessica R. Summerfield seeks judicial review of a final decision of the Acting Commissioner of Social Security finding her not disabled within the meaning of the Social Security Act. The Commissioner has moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(6) as time-barred because Summerfield filed her complaint outside of the Social Security Act limitations period. Dkt. 11. Alternatively, the Commissioner requests summary judgment under Rule 56(c). Summerfield does not deny that her request for review was untimely, but she contends that the court should excuse her tardiness under the doctrine of equitable tolling. The court agrees, and will deny the Commissioner's motion.

ALLEGATIONS OF FACT

      The court draws the following facts from Summerfield's filings, accepting them as true for purposes of reviewing the motion to dismiss. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

      Summerfield received an unfavorable decision from an administrative law judge (ALJ) on February 3, 2014. Included with her copy of the decision, Summerfield received instructions on how to seek review of that decision. Claimants may request review of an

Appeals Council decision within 60 days, whereas they have only 30 days to request review of an ALJ decision. For Summerfield, that would have been March 5, 2014. Her lawyer failed to follow those instructions and instead mistakenly relied on the procedures and longer timeline for seeking review of an Appeals Council decision. Summerfield never requested an extension of time, and she missed the March 5, 2014, deadline. Without a timely request for review, the ALJ's decision became final on April 5, 2014.

Three days later, on April 8, 2014, Summerfield requested Appeals Council review of the ALJ's decision, not realizing that the decision had become final. The Social Security Act requires that complaints to the district court be filed within 60 days of the Commissioner's final decision. That would have been June 4, 2014. Understandably, Summerfield missed that deadline, too, because she thought that her case was on appeal to the Appeals Council.

It was not until July 31, 2015, that Summerfield learned that the ALJ's decision had become the Commissioner's final decision and that her appeal to the Appeals Council was denied as untimely. Summerfield did not attempt to cure her untimeliness by going back to the Commissioner to request an extension. Instead, she filed her complaint in this court on September 29, 2015, more than a year after the 60-day deadline for seeking judicial review of the Commissioner's decision, but within 60 days of the Appeals Council's decision.

ANALYSIS

The Commissioner contends that the court should decline to equitably toll Summerfield's deadline, and that the complaint should be dismissed as untimely.[1] Equitable

---

[1] Recently, the Supreme Court decided a Federal Tort Claims Act case involving equitable tolling. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015). The Court held that to forbid equitable tolling, Congress must make an affirmative indication "that it intends to

2

tolling could excuse Summerfield's failure to timely file her complaint if she were able to show that: (1) she was pursuing her rights diligently; and (2) an extraordinary circumstance beyond her control stood in her way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't. of Veterans Affairs*, 498 U.S. 89, 96 (1990)). However, "courts have typically extended equitable relief only sparingly." *Irwin*, 498 U.S. at 96. For example, equitable tolling may be appropriate "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* But generally, "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Id.*

  Summerfield contends that the Commissioner's failure to timely notify her of the finality of the ALJ's decision misled her and caused her own delayed complaint. But the Commissioner did not act improperly or cause Summerfield's mistake. The Commissioner sent Summerfield and her lawyer clear instructions with the correct deadlines on February 3, 2014. The reason that Summerfield missed her deadlines was because her lawyer made a mistake and relied on the wrong timeline.

  However, the Commissioner's delay of longer than a year in responding to Summerfield's request for Appeals Council review compounded the mistake. As a result, she remained unaware of the mistake until long after the deadline. Had Summerfield received the Appeals Council's denial within two months of her request, she may still have had time to file

---

preclude equitable tolling in a suit against the Government." *Id.* at 1631-32, 1638. The Commissioner does not argue that equitable tolling is forbidden in social security cases; only that it is not appropriate under the facts of Summerfield's case.

her complaint before the deadline. As soon as Summerfield actually learned that the ALJ's decision was final, she timely filed her complaint here.

Dismissal is an unduly harsh result for a garden-variety lawyer error compounded by the Appeals Council's slow decision. Accordingly, the court will excuse the error under the doctrine of equitable tolling and deny the Commissioner's motion.

ORDER

IT IS ORDERED that defendant Carolyn W. Colvin's motion to dismiss, Dkt. 11, is DENIED.

Entered April 29, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge